### DE LONG et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. September 16, 1896.)

#### No. 163.

Customs Duties—Construction of Laws—Fresh Fish.

In the tariff act of August, 1894, the free list (paragraph 481) enumerates, "Fish, frozen or packed in ice fresh." The schedule relating to dutiable fish enumerates (paragraph 210), "Herrings, pickled, frozen, or salted, and salt-water fish frozen or packed in ice, one-half of one cent per pound." *Held* that, under the rule of construction requiring each part of a law to be made effective if possible, the paragraph in the free list must be held as generic, and paragraph 210 as exceptional or specific; consequently salt water fish, fresh and packed in ice, are dutiable under paragraph 210. 70 Fed. 775, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a petition by Edward R. De Long and Joseph Bennett, doing business as De Long & Seaman, for a review of the decision of the board of general appraisers affirming the action of the collector of the port of Boston in assessing duties on certain fresh mackerel packed in ice, imported by them. The circuit court affirmed the action of the board of appraisers (70 Fed. 775), and the petitioners have appealed.

The findings of fact by the board of general appraisers were as follows:

We find: (1) That Messrs. De Long & Seaman imported into the port of Boston, October 5, 1894, certain fish, upon which duty was assessed at one-half cent per pound under paragraph 210, Act Aug. 28, 1894, as salt-water fish packed in ice, and which the importers claim are entitled to free entry, under the provisions of paragraph 481 of said act, as fish, frozen or packed in ice fresh. (2) That said fish were fresh mackerel, packed in ice, and were salt-water fish. It is matter of common knowledge that many tons of fresh fish caught in the fresh waters of British America are annually imported into the United States frozen or packed in ice. The provisions of paragraph 481 permit the free entry of the same, while paragraph 210 covers salt-water fish imported in like condition; and it is our opinion that both paragraphs are effective and applicable to the respective species of fish, and that such was the intent of congress, and the correct construction of the whole act.

In the circuit court it was agreed by the parties that, in addition to the findings of fact by the board of appraisers and the other facts in the record, the following propositions of fact may be taken as true:

(1) Only fresh fish are ever frozen or packed in ice. (2) No fish are either frozen or packed in ice except when they are fresh. (3) Both freezing and packing are processes of which the purpose is to preserve the fish; freezing being employed in winter, and packing in ice in summer. (4) The foregoing

propositions apply both to fresh-water fish and to salt-water fish. (5) The particular fish in question in this case, which were packed in ice, were intended for immediate consumption at the port of entry.

The opinion of PUTNAM, Circuit Judge, confirming decision of general appraisers, was, in full, as follows:

The tariff act of August, 1894, contains in the free list this paragraph: "481. Fish, frozen or packed in ice fresh." The schedule relating to dutiable fish contains the following: "210. Herrings, pickled, frozen, or salted, and salt-water fish frozen or packed in ice, one-half of one cent per pound." The issue here arises from the incongruous expressions touching fish, frozen or packed in ice, found in the paragraphs quoted. The imperative rule of construction applicable to the case is that each paragraph shall be held effective, if possible. All other rules referred to by counsel are subordinate to this, and some of them fanciful. It is possible to make each paragraph effective by holding 481 generic, and 210 exceptional or specific; and the court is compelled to accept this construction as obligatory upon it. If the result of the application of this rule of construction should prove absurd in any particular case, some other rules must be sought for. But such is not the fact here. Since the abrogation of the articles of the treaty with Great Britain of 1871, in pursuance of which the products of the sea fisheries of the maritime provinces were made free, congress has pursued a policy, more or less restricted, of imposing duties on Canadian salt-water fish. We think this was never relaxed beyond admitting free fish intended for daily or immediate consumption. This exemption gave rise to a perplexing controversy whether fish frozen or packed in ice came ordinarily within that classification. The framers of the act of 1894 were apparently anxious to obviate that question, and their anxiety was perhaps so great that they omitted to enumerate fresh fish not frozen nor packed in ice. However this may have been, the policy to which we refer had especial relation to the products of the sea fisheries of the maritime provinces, and paragraph 210, as interpreted by us, in connection with the settled purpose declared anew in paragraph 568 to admit free all products of our own fisheries, affects principally Canadian salt-water fish. Let there be a judgment affirming the decision of the board of general appraisers.

John Lowell and Thos. H. Russell, for appellants.

Sherman Hoar, U. S. Atty., and Fred. P. Cabot, Asst. U. S. Atty.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. In this case we agree with the reasoning in the opinion, and with the conclusion reached, by the circuit court. The judgment of the circuit court is affirmed.